UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **DOCKET NO. 2:19-CR-00010-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DANE DARBONNE, JR.** | **MAGISTRATE JUDGE** |

# ORDER

Before the Court is Defendant Darbonne's Motion for Concurrent Sentences Nunc Pro Tunc, pursuant to which he asks this Court to amend his judgment so that his federal sentence imposed by this Court runs concurrent with his state sentence. Doc. 57. For the reasons set forth below, Defendant's motion is DENIED.

On July 11, 2019, Darbonne was sentenced by this Court to a term of 87 months, with credit for time served since January 30, 2019. Doc. 37. Subsequently, on March 2, 2020, he was sentenced to a term of 15 years in Calcasieu Parish. Doc. 57, p. 2, ¶ 2. Darbonne contends that despite both the federal and state courts intending for his sentences to run concurrently, they are running consecutively. *Id*. at p. 2. Accordingly, pursuant to Federal Rule of Civil Procedure 36, the defendant asks the Court to correct the "clerical errors," or, in the alternative, issue a *nunc pro tunc* order so that the judgment reflects its "intended effect" of running both sentences concurrently. *Id*.

As an initial matter, the Court notes that, contrary to Darbonne's belief, the judgment is silent as to whether his sentences should run concurrently or consecutively,

which means that they should run consecutively. "Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); 18 U.S.C. § 3584(a). This Court's silence implicates the rule stated in *Free, supra* and compels the conclusion that his sentences were to run consecutively.

Moreover, to the extent Darbonne is challenging this Court's decision not to order a concurrent sentence, his challenge is without merit. The Fifth Circuit has succinctly held that whether a sentence should run consecutively or concurrently is committed to the sound discretion of the district court and will be reviewed only for an abuse of discretion. *United States v. Brown*, 920 F.2d 1212, 1216 (5th Cir. 1991). The Court's silence on the issue at sentencing and in the written judgment indicates that the sentences were to run consecutively, and no abuse of discretion occurred.

Given that the Court did not order concurrent sentences, Darbonne's motion is best construed as one to amend the sentence or judgement. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and

a modification of sentence is consistent with the guidelines' policy statements. *See* § 3582(c). Darbonne fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter his sentence and his motion is DENIED.

**IT IS ORDERED** that plaintiff's Motion for Concurrent Sentences Nunc Pro Tunc (doc. 57) is **DENIED**.

**THUS DONE AND SIGNED** in chambers this 12th day of September, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE